BREAKENRIDGE & TICHENOR, INC., AND OTHERS, APPELLANTS, v. CITY OF NEWARK AND OTHERS, RESPONDENTS.

Submitted December 6, 1920—Decided February 28, 1921.

1. Section 52, article 20 of the Home Rule act (*Pamph. L.* 1917, *p.* 319) applies only to improvements that have been "undertaken" and not those in "contemplation" before the taking effect of that act.
2. Property owners who have been assessed for benefits from a municipal improvement, and who appear pursuant to notice of hearing, are entitled to support their objections by evidence.
3. A hearing demands that he, who is entitled to it, shall have the right to support his allegations by argument and proof.

---

On appeal from the Supreme Court, whose opinion is reported in 94 *N. J. L.* 361.

For the appellants, *William A. Smith.*

For the respondents, *William J. Kearns.*

The opinion of the court was delivered by

SWAYZE, J.   The defendants move to dismiss this appeal because not taken within ten days after the notice of the opinion or decision of the Supreme Court. *Pamph. L.* 1913, *p.* 622; *Supp. Comp. Stat., p.* 1203, *pl.* 84. This provision, however, applies only to municipal cases, which are thus defined by the first section of the same statute. *Pamph. L.* 1913, *p.* 621; *Supp. Comp. Stat., p.* 1202, *pl.* 83. Section 1: Cases wherein is involved the question of the validity of any municipal ordinance or proceeding providing for the issue of bonds or for the construction of any public works. Section 2: All suits in which any municipality shall be the complaining party.

The present case involves the validity and amount of assessments for benefits for sewers. It does not involve the validity of any municipal ordinance, or proceeding providing for the issue of bonds, or for the construction of any public works. The municipality is not the complaining party. The statute, therefore, does not apply and the motion to dismiss must be denied.

The proceedings to assess benefits, it is agreed, were had under the Home Rule act. *Pamph. L.* 1917, *p.* 319. The question is whether this statute is applicable. The sewers were authorized by several ordinances adopted at different times from February, 1910, to August 24th, 1917. All except the ordinance of August 24th, 1917, for the Sanford avenue sewer were passed on or before October 30th, 1915, one in 1910, others in 1912, 1914 and 1915. Some referred to the Vailsburg drainage system, some did not. All were in the Vailsburg section of Newark, and, as we understand, all can be connected so as to form in a sense a sewer system, or, at least, form a part of the city and borough system. We think it clear that the work authorized by the Sanford avenue ordinance of August 24th, 1917, was necessarily conducted under

the Home Rule act, which went into effect the previous 4th
of July. It is suggested that this construction had long been
in contemplation and must be treated as a part of the work
begun under the ordinance of 1910. The answer is that sec-
tion 52, article 20, applies only to improvements that have
been "undertaken;" it does not apply to improvements that
are merely in contemplation, in which the initial step is not
taken until seven years later.

As to the sewers authorized by the other ordinances, the
applicability of the Home Rule act depends on section 52 of
article 20, and section 2 of chapter 208, laws of 1917. *Pamph.
L., pp.* 718, 720. Section 52 enacts that whenever a munici-
pality has heretofore undertaken a local improvement under a
statute effective in such municipality, the same may be com-
pleted under the provision of the Home Rule act and an as-
sessment for benefits may be imposed thereunder. This seems
to cover the case. It is said, however, that it must be con-
strued as applicable only to cases where the improvement was
begun before the act and finished afterward. We think this
would be a forced construction. It overlooks, moreover, the
fact that the statute authorizes an assessment for benefits as
well as the completion of the improvement. The two pro-
ceedings are distinct. An assessment for benefits does not
necessarily follow the improvement, although it may usually
be anticipated. The property owner may be prevented by his
laches from reviewing the ordinance authorizing the improve-
ment, and yet remain entitled to review the assessment to
which he has previously had no chance to object. The assess-
ment for benefits may, by the express language of the Home
Rule act, be imposed thereunder if the case is within the lan-
guage of the provisos of section 52.

No question is raised that before the commencement of the
improvement notice was given under a statute permitting an
assessment for benefits and a hearing accorded to persons in-
terested. This complies with the first proviso. It is said,
however, that the proposed assessment will be levied on lands
which could not have been assessed under the act under which
the improvement was commenced, and that the assessment

will be greater than could have been levied under such act. To sustain this contention it is suggested that there was no immediate tapping benefit to some of the land from the Sanford avenue sewer. This suggestion lacks force since we hold that all the proceedings as to that sewer are necessarily under the act of 1917, which antedates the beginning of the proceedings. It is, therefore, unnecessary to have recourse to section 52. We are not shown that the difficulty arises in the case of any other lands. If it does the answer made by counsel for the city suffices; the act of 1895 (*Pamph. L., p.* 95; *Comp. Stat., p.* 3580), postponing the collection of the assessment where there is no immediate tapping benefit, naturally applies only to sanitary sewers; as to sewers for surface water there may well be a present benefit, although the lands do not abut on the sewer; the drainage of the surface water may well be facilitated. Whether it is in fact facilitated is for the commissioners to determine.

It is also argued that section 2 of chapter 208, laws of 1917 (*Pamph. L., p.* 718), requires that all proceedings commenced or undertaken before that act shall be completed and brought to a conclusion in accordance with the laws effective before chapter 208. The answer is, that the proceeding we are now concerned with is the proceeding for assessment. This was commenced by the resolution of April 11th, 1918, later than chapter 208, and is distinct from the proceedings for the construction of the sewers. We think the city was right in proceeding under the Home Rule act.

The question remains whether the assessment as made under that act was in accordance with law. Without going into the complicated and difficult details of the assessment we find one fundamental error. Property owners who had been assessed by the commissioners of assessment appeared before the city commission, pursuant to notice of hearing, objected to the confirmation of the assessment and offered to sustain their objections by evidence. The city commissioners refused to hear evidence. This was an error. It was, in fact, impossible to understand the case without evidence, but above that a hearing without evidence is no compliance with the law,

where, as in this case, a hearing is required. "A hearing, in its very essence, demands that he who is entitled to it shall have the right to support his allegations by argument, however brief; and, if need be, by proof, however informal." *Londoner* v. *Denver*, 210 *U. S.* 373 (at *p.* 386). This error is fatal. It cannot be cured by the fact that there is an appeal to the Court of Common Pleas from the amount of the assessment. What the landowner is entitled to is the judgment of the city commissioners as to the liability of the land to assessment as well as to the amount and the city cannot rightfully substitute for the judgment of the city commissioners on the whole case the judgment of the Court of Common Pleas on a part only.

Let the judgment be reversed and the record remitted for further proceedings in accordance with the views we have expressed.

*For affirmance*—MINTURN, BLACK, TAYLOR, JJ.   3.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, PARKER, KATZENBACH, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, ACKERSON, JJ.   10.